UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:20-CR-75-PPS-JPK |
| ) | |
| SAEED MUHAMMAD, ) | |
|       Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a probable cause and detention hearing. Defendant Saeed Muhammad was arrested after a warrant issued on allegations that he violated the conditions of his supervised release. For the reasons set forth below, Defendant was ordered detained pending a hearing on revocation of his supervised release. This Opinion and Order follows, and is in addition to, the reasons the Court provided orally at the hearing.

On September 27, 2018, Defendant was charged with three counts of uttering counterfeit securities in violation of 18 U.S.C. § 472. Defendant pleaded guilty to two counts and, on May 21, 2019, Defendant was sentenced to 18 months imprisonment and 24 months of supervised release. Defendant's supervised release began on December 23, 2019. On March 10, 2021, Defendant was arrested for allegedly violating the conditions of his release. It is alleged that Defendant (1) committed the offenses of fraud, theft, fleeing/eluding a police officer, driving while license suspended/revoked, aggravated speeding, squealing/screeching tires, and disobeying a posted stop sign; and (2) left the judicial district and traveled on or about January 30, 2021 without first obtaining his probation officer's authorization. This Court held a probable cause and detention hearing on March 16, 2021. Defendant did not contest probable cause.

Federal Rule of Criminal Procedure 32.1(a)(6) authorizes the Court to detain an individual under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden lies with the defendant to establish by "clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community." Fed. R. Crim. P. 32.1(a)(6). Likewise, 18 U.S.C. § 3143(a)(1) commands the Court to order that an individual be detained pending sentencing unless the Court "finds by clear and convincing evidence that the individual is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."[1] 18 U.S.C. § 3143(a)(1).

Though 18 U.S.C. § 3143 "does not specifically prescribe the procedures to be followed," "the clear implication of the statute is that the neighboring provisions of Sections 3142(f) . . . and 3142(g) . . . apply to Section 3143(a) as well." *United States v. DiVarco*, 602 F. Supp. 1029, 1035 (N.D. Ill. 1985). Several enumerated factors should be considered when determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community, including:

> (1) the nature and circumstance of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
> > (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

---

[1] The text of 18 U.S.C. § 3143(a)(1) notes that this provision does not apply to individuals "for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment." Pursuant to the U.S. Sentencing Guidelines Manual, Defendant's alleged conduct in this instance constitutes Grade B and Grade C Violations. U.S. SENTENCING GUIDELINES MANUAL § 7B1.1(a). Regardless of criminal history category, the guidelines recommend a term of imprisonment. U.S. SENTENCING GUIDELINES MANUAL § 7B1.4(a).

>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court finds that detention is warranted because, on the evidence presented, Defendant has not shown by clear and convincing evidence that he is not likely to flee and that, if released, he does not pose a danger to the community. Defendant's counsel offered argument regarding the potential use of electronic monitoring. However, the Court has found that there are simply no conditions or combination of conditions that could mitigate the risk of flight and, even more clearly, the danger to the community given Defendant's failure to abide by previously imposed conditions of release.

Regarding the nature and circumstances of the offenses charged, it is alleged that Defendant has, among other things, committed fraud and theft, fled or eluded a police officer, driven while his license was suspended or revoked, and committed aggravated speeding. Such conduct is deeply concerning to the Court, not only in terms of risk of flight but in that it poses a clear danger to the safety of the community. This factor thus weighs in favor of detention.

Defendant's counsel and the government presented brief argument regarding the weight of the evidence for the alleged offenses. This factor does not weigh strongly either in favor of or against detention.

The Court considers the final two enumerated factors together, which weigh strongly in favor of detention. Defendant's criminal history reveals prior convictions for drug possession and domestic violence, as well as several convictions for forgery. His criminal history further reveals numerous probation violations and a failure to abide by court orders. Moreover, Defendant was on supervised release at the time of the current charged conduct. Defendant's history and characteristics reveal an individual who has repeatedly violated the law and refused to abide by

court-imposed conditions of release and, further, an individual who could pose a serious danger to the community should he be released.

In view of all of these factors, the Court finds that Defendant has not met his burden to show by clear and convincing evidence that he is not likely to flee or to pose a danger to the community.

## CONCLUSION

Therefore, the Court hereby **REMANDS** Defendant Saeed Muhammad to the custody of the U.S. Marshal Service pending the outcome of the hearing on the revocation of his supervised release.

So ORDERED this 17th day of March, 2021.

s/ Joshua P. Kolar<br>
MAGISTRATE JUDGE JOSHUA P. KOLAR<br>
UNITED STATES DISTRICT COURT